RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 6 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
_____ DIVISION**

Erika Jacobs
(Print your full name)

Plaintiff *pro se*,

v.

Alorica

_____

_____

(Print full name of each defendant; an
employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO. **WSD**

**1:15-CV-0850**

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.   This employment discrimination lawsuit is brought under (check only those that apply):

X    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

**NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

_____ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

X   Other (describe) _Retaliation, Defamation and Harrassment._

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

Page 2 of 9

## Parties

3.  Plaintiff.   Print your full name and mailing address below:

Name   Erika Jacobs

Address   PO Box 56003

Atlanta, GA 30343

4.  Defendant(s).   Print below the name and address of each defendant listed
on page 1 of this form: Alonica Corporation, 2120 Barrett Park drive
Kenessaw, CA 30144

Name   Supervisors: Dylisha McDonald, Cordero Miles and Faye Martin

Address   2120 Barret Park drive

Kenessaw, CA 30144

Name   HR Staff: Karen Cook, Chimika Watson, Susan Boyle &
Sonya Mosley AO/oM

Address   2120 Barret Park drive

Kenessaw, CA 30144

Name   Derrick Mathis OM/AO, Porsha Russell Chief OM/AO, Garkisha
Lours, HR Senior Manager

Address   2120 Barrett Park Drive

Kenessaw, CA 30144

## Location and Time

5.  If the alleged discriminatory conduct occurred at a location different from the
address provided for defendant(s), state where that discrimination occurred:

Suzanne Loefler, Alonica Corporate Office;
Suzanne is the Human Resource Manager at Corporate location.
5 Park Plaza, Suite 1100
Jrvine, CA 92614
949-527-4600

6.   When did the alleged discrimination occur? (State date or time period)

The alleged discrimination occured from Jan. 2014 upto now (currently) during the following time periods 10:30am — 11:00pm at Marina Renessaw, GA location.

## Administrative Procedures

7.   Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?        ✗ Yes            _____ No

    If you checked "Yes," attach a copy of the charge to this complaint.

8.   Have you received a Notice of Right-to-Sue letter from the EEOC?

    ✗ Yes            _____ No

    If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: 01 - 20 - 2015

9.   If you are suing for **age discrimination**, check one of the following:

    _____        60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

    _____        Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

Page 4 of 9

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          _____ No          _X_ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

_____ Yes          _____ No          _X_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

_____

_____

_____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

| | |
|---|---|
| | failure to hire me |
| ✗ | failure to promote me |
| | demotion |
| | reduction in my wages |
| ✗ | working under terms and conditions of employment that differed from similarly situated employees |
| ✗ | harassment |
| ✗ | retaliation |
| | termination of my employment |
| | failure to accommodate my disability |
| ✗ | other (please specify) defamation |

13. I believe that I was discriminated against because of (check only those that apply):

| | |
|---|---|
| ✗ | my race or color, which is  African American |
| | my religion, which is |
| | my sex (gender), which is _____ male _____ female |
| | my national origin, which is |
| | my age (my date of birth is _____ ) |
| | my disability or perceived disability, which is: |

| | |
|---|---|
| ✗ | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |

other (please specify) _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes. (see attachment for 1 & 2)

3.

Cause of Harrasment

• From Feb. 2014 until December 2014, Plaintiff experienced physical harrassment by other employees in the form of: ① throwing of objects at Plaintiff and ② striking the Plaintiff's chair with intent while she was in it.

• From Feb 2014 until December 2014, Plaintiff experienced verbal harrassment from Employees about her Sexuality, childhood/background, relationships, incest, health condition, relatives, threats of violence and past jobs.

4.

Cause of Defamation

• Supervisors: Faye Martin, Cordero Miles and Dylisha McDonald False allegations about Plaintiff's character, job performance and conduct have hindered the Plaintiff's advancement and ability to relocate within the Company, Moreover.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

## STATEMENT OF CLAIM

The Plaintiff, Erika Jacobs, submits this title VII action to address the violations of her civil rights and to vindicate the unlawful and discriminatory conduct and practices of the Defendant(s), Alorica. Alorica is a Third party company that provides customer service to a variety of  Companies. The Plaintiff works as an AOL representative for Verizon Wireless at the Kennesaw, GA location of Alorica. Alorica Corporate office is located in Irvine, California. This  Title VII action arises out of the Defendant(s) neglect, abuse of their own policy and procedures, discriminatory and retaliatory actions toward the Plaintiff as a result of her complaints about unlawful and inappropriate behavior per Title VII in the workplace. The Plaintiff, Erika Jacobs, was denied the process mandated by Defendant, Alorica's policies and procedures. The Allegations made against the Plaintiff by the Defendant's employees at Alorica are as follows: unprofessional, being untruthful to customers, violating  rules and guidelines for customer calls, unsanitary, health hazard to other employees, ,insubordinate to Supervisors, improper conduct, being untruthful to administrative staff, taking extended breaks and lunches, not meeting company goals and being rude to administration. As a result of the allegations the Plaintiff's complaints, request, and concerns regarding her Title VII rights  are intentionally neglected by administration (to include: supervisors, human resources, AD/OM and corporate). The Plaintiff has received retaliatory verbal warnings and write ups  unjustly due to her complaints filed with human resources, AD/OM and the EEOC. The Plaintiff experiences consistent verbal harassment by other employees in reference to her : education, sexuality, background/childhood, relationships, incest, health condition, job status, relatives, threats of violence, past jobs, and a variety of other things. In addition, The Plaintiff has experienced physical harassment by other employees, to include: throwing of objects at Plaintiff and the intentional hitting of Plaintiff 's chair while she is seated in it. The Plaintiff has been unable to relocate to other Facilities of Alorica due to allegations and retaliatory actions of Defendants at the Kennesaw location. The unjust verbal warnings and write ups have prevented the Plaintiff 's advancement , to lucrative job titles/functions,  in the company.   Erika Jacobs alleges that Alorica investigation, the subsequent actions and process were tainted, biased  and or implemented in a discriminatory manor. The Plaintiff now seeks injunctive relief; monetary damages, if applicable compensatory and punitive damages; attorney fees and costs, pursuant to Title VII of the Civil Rights Act of 1964. Erika Jacobs also brings tort and contract claims under common law of Georgia.

## FACTUAL ALLEGATIONS

1. Plaintiff , Erika Jacobs, was employed by the Defendant on or about October 7, 2013 . She worked at the Customer Care Facility located in Kennesaw, GA. Prior, Plaintiff worked on Alorica's Proflowers project in May of   2013 for 1 week at the Kennesaw, GA location.

2. All matters regarding compensation, terms & conditions, rights and privileges of Erika's employment are governed and controlled by Alorica.

3.  Alorica is a third party agency that supplies customer care agents to its clients. Verizon Wireless is a client of Alorica. The Plaintiff is employed on the Verizon Wireless Project in Kennesaw, GA.

4. Erika Jacobs, fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Alorica.

5. The Defendants : Dylisha McDonald, Cordero Miles, Karen Cook, Chimika Watson, Faye Martin, Susan Boyle, Earlisha Louis, Portia Russell, Derrick Mathis and et. Al , were acting as agents, servants and /or employees of Defendant, Alorica. Defendant Alorica is therefore liable for the acts and omissions of the individual Defendants pursuant to the Principals of ratification, respondent Superior and actual and/or implied agency.

6. The Defendants: Dylisha McDonald, Cordero Miles, and Faye Martin or all Supervisors for Alorica and work   on the Verizon Wireless Project in the AOL Department.

7. The Defendants: Karen Cook is the Human Resources (HR) Manager at the Alorica Kennesaw location and Chimika Watson is a HR representative at the Alorica Kennesaw location.

8. The Defendants: Earlisha Louis and Susan Boyle are Regional HR Managers for Alorica.

9. The Defendant: Derrick Mathis is the AD/OM at the Alorica Kennesaw location.

10. The Defendant: Portia Russell is the Chief AD/OM at the Alorica Kennesaw location.

11. An AD/OM manage all supervisors at Alorica.

12.  Erika has complied with all the administrative prerequisites to action under section 706 of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Sections 2000e-5 as required:

a. Erika Jacobs reported all discriminatory and retaliatory actions to Human Resources: Karen Cook, Susan Boyle, and Earlisha Louis ; as to which little to no action was taken.

b. Erika reported inappropriate behaviors, unlawful acts, system problems (which affect Performance stats) to supervisors and AD/OM.

c. Erika Jacobs requested Alorica's arbitration Policy be applied to her complaint but it was denied by Corporate and Earlisha Louis.

d. Erika Jacobs filed EEOC charge on 12-9-14.

e. Alorica never responded to the EEOC complaint.

f. Erika has exhausted all available administrative remedies in accordance with the aforementioned statutes prior to instituting this Civil Action.

1.
## CAUSE OF ACTION RETALIATION

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth at length there in:

The retaliation that the Plaintiff has experienced is due to her reporting unlawful conduct or actions protected under title VII to administrative powers; to include the EEOC:

The supervisors at Alorica collaborated their retaliation against Plaintiff , Erika Jacobs, from Jan. 2014 up to now March 2015.

The following supervisors collaborated to falsify my employment records in order to cause my termination: Faye Martin, Cordero Miles and Dylisha McDonald ; from Jan. 2014 - up to now March 2015. I was on each of the supervisor's team at different times during the time period of Jan. 2014 - Jan. 2015. All employees enter a shift bid every 6 months in which each employee receives a new supervisor.

I will begin with the most current retaliation actions:

On 11-29-14, Dylisha McDonald falsely accused me of taking extended breaks, refused to correct my time, and sent several untruthful emails to me to support her false claim of Erika taking extended breaks. The Plaintiff informed the supervisor of the common system issue (:ACD response timed out) that caused the time problem. The ACD response is a common system issue that occurs on a daily basis at Alorica and generally requires time adjustment. All supervisors are aware of this system issue and will correct the time of their employees when informed of its happening by an employee. Dylisha McDonald refused to accept the system error stated on the screen (ACD response timed out) as the cause of the time problem with intent. Thus, from 11-29-14 until 1-9-15 (last day on her team) she refused to correct my time when this system error occurred. This system error affected the Adherence stats of the Plaintiff in a negative way. Stats below goal can cause verbal warnings, written warnings and termination.

Dylisha McDonald became the supervisor of the Plaintiff on 11-6-14. On the week of 11-6-14, Dylisha issued a PIP to Plaintiff for her AHT stats. A PIP is a performance improvement plan. A PIP could lead to verbal warning, written warning and termination. The AHT is the measurement of an agents speed in serving the customers. Dylisha issued this PIP in spite of her knowledge of the system wide problem of the speed of our WEB system. Dylisha was aware that our Computer Systems Department was working toward improvement of the WEB's speed.

Dylisha McDonald continued to issue unjustifiable PIP's to Plaintiff's up to Jan. 2015 for the following stats: AHT, ERP, RR, and disconnects.

Dylisha issued false information to Human Resources about Plaintiff's conduct and performance. Dylisha falsely stated to Human Resources that the Plaintiff was insubordinate, not meeting company goals, violating company policies and etc. Thus, verbal warnings were placed on the Plaintiff's employment record on 11-25-14 and 12-21-14 for conduct. As well as, a written warning was placed on the Plaintiff record on 1-9-15 for performance.

The Plaintiff requested a meeting with Human Resources and AD/OM about the verbal warnings, written warnings and PIP's . The meetings were held on the following dates: 12-4-14, 12-5-14, 12-12-14, and 12-18-14. The following parties were present at one or more of the meetings: Karen Cook (HR manager), Susan Boyle (Regional HR Manager), Dylisha McDonald (Supervisor), Stephanie Flint, and Sonya Mosley (AD/OM). Little to Nothing was done about the Plaintiff's request to have the PIP's, verbal warnings and written warning removed from her employment record. Although, Plaintiff proved at the meetings that the verbal warnings, written warning and PIP's were either inaccurate, invalid and or false little to nothing was done to reverse/correct the actions.

After the filing of the EEOC report on 12-9-14, Karen Cook, Chimika Watson and Sonya Mosley (AD/OM) stopped responding to Erika's emails about the unjust actions of Dylisha McDonald. Dylisha McDonald issued false verbal and written warnings about my conduct and performance at the company.

Dylisha was very unfair and untruthful about my coaching's. Coaching's are held once a week for each employee. The purpose of the Coaching is to make sure that each agent is meeting company standards for our clients.

On 1-2-15, Dylisha McDonald falsely accused the Plaintiff in an unprofessional, hostile and threatening manner of being a health hazard, unsanitary, and a health risk to other employees. Dylisha accused the Plaintiff of gagging and vomiting while on the phone with customers. Dylisha falsely stated she saw the Plaintiff spitting at her desk. The Plaintiff has allergies and is very discrete when she has an allergic reaction. The Plaintiff can not spread allergies to other employees, nor was she gagging or vomiting while speaking to customers, and she is never unsanitary at the job.

On 1-2-15, Karen Cook in HR stated due to Dylisha's and other employees allegations of the Plaintiff's vomiting, being unsanitary and gagging at her desk The Plaintiff was required to go to the bathroom every time she has an allergic reaction while at her desk at work. This was a mandate order from Human Resources.

On 1-5-15, Plaintiff was denied her holiday pay of 8 hours with intent by her Supervisor Dylisha McDonald. Dylisha knew that all the Plaintiff hours were in place on time sheet and yet she denied the Plaintiff her holiday pay. Plaintiff went to Payroll to address Dylisha's inappropriate actions. Payroll pulled up the time sheet and contacted Sonya Mosley (AD/OM) and Dylisha McDonald (Supervisor) to alert them that the Plaintiff's holiday pay could not be denied per company policy.

Dylisha McDonald threatened to report the false allegations about Plaintiff to future supervisors and Quality Control. Dylisha stated she would make a request to administrative powers to watch the actions of the Plaintiff while on the phone with customers and at Alorica in general.

This retaliation by supervisors, AD/OM, and Human Resources is due to a complaint letter sent to Corporate in California on 9-9-14, Meeting with Earlisha Louis (Senior HR Representative) on 10-7-14, EEOC complaint filed on 12-9-14, friendships of current supervisors with past supervisors of Plaintiff in which Plaintiff submitted a complaint to Human Resources.

The Plaintiff reported the inappropriate actions of her acting supervisor , Faye Martin, from Jan. 2014 -March 2014 to HR and OD/OM Derrick Mathis. As a result, Ms. Martin responded by submitting false/inaccurate verbal warnings to the Plaintiff's employment record. Mrs. Martin also documented false statements on the Plaintiff's coachings on a regular basis.

On 3-21-14, Both Derrick Mathis and Faye Martin expressed their dislike and anger toward the Plaintiff's report to Chamika Watson about the inappropriate actins of Faye Martin.

Cordero Miles, supervisor, stated that Plaintiff was insubordinate, lied to customers and unprofessional at coachings.

These retaliation methods by the above named defendants have caused the none advancement of the Plaintiff to a better position at Alorica. Plaintiff has put in several applications for relocation and a new position. Plaintiff received only one response from the Colorado location in Feb. 2014. In which, the Defendant Alorica resended on the offer in Feb. 2014.

## 2.

## CAUSE OF DISCRIMINATION

Erika is an African American female and during her employment with Defendant Alorica was a member of a class of protected under Title VII against race based discrimination by her employer, Defendant Alorica, or its Supervisory personnel.
Defendants, McDonald and Martin , females were not terminated, disciplined and or otherwise reprimanded for their infractions of company policy in reference to their inappropriate actions against the

Plaintiff.

Defendant Alorica gives special Consideration to supervisors, who were willing to cooperate in its investigation of employees (in this case the Plaintiff, Erika Jacobs), including waiving discipline for known infractions of Company policy.

At all relevant times, Defendant Alorica knew that the discriminatory conduct complained of here in was without cause as Erika had consistently satisfied and /or exceeded all the requirements of her position.

The letter to the HR, Manager Karen Cook, white female in April of 2014 and December of 2014 was not addressed in reference to the verbal warnings issued to Plaintiff by Martin and McDonald.

The Plaintiff was denied the right to the Company Arbitration process by Human Resources and Corporate in October of 2014 and December of 2014.

Susan Boyle, Regional HR Manager, white female stated to Plaintiff on 12-5-14 that her complaint did not require corporate review in spite of clear documentation in the letter of the favoritism of Karen Cook, HR manager toward Supervisor's at Alorica.

Susan Boyle refused to speak with Plaintiff in private on 12-4-15 and was demeaning in her speech with Plaintiff at the meeting on 12-4-14 and 12-5-14.

Plaintiff has to be monitored by other supervisors per Portia Russell, OD/OM , a black female per request of Dylisha McDonald, at the onset of Plaintiffs' entrance onto her team, at each coaching with Dylisha McDonald. This was not done to other employees on Dylisha's team or at Alorica.

Plaintiff is overlooked for incentives earned for overtime. Plaintiff request to Portia Russell for investigation of why Plaintiff was not being paid her incentives was overlooked for an extensive period of time with intent. In contrast, other employees received their incentives on a regular basis.

Plaintiff was ordered, on 1-2-14 by Karen Cook,  to go to the bathroom every time she has an allergic reaction. Yet, it is ok for other employees to cough, sneeze, and blow their noses on the Production floor of Alorica.

Plaintiff was refused the right by Quality Control and AD/OM to dispute her ERP and RR stats and was given untruthful information about the requirements for a dispute of ERP and RR stats.

Suzanne Loefler, in Corporate, never followed up with Plaintiff as promised in reference to her complaint. Although the Plaintiff reached out to Mrs. Loefler on numerous occasions.

Furthermore, Defendant Alorica intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against  Erika, contrary to Erika's Federally protected rights as guaranteed to her under Title VII of the Rights act of 1964, 42. U.S.C. Section (s) 2000et seq., as amended , and 42 U.S.C. section 1981.

The intentional and discriminatory conduct of Defendant Alorica complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

As Defendant Alorica engaged in discriminatory employment practices with malice or with reckless indifference to Erika federally protected rights, Erika is entitle to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title V11 of the Civil Rights Act of 1964, 42.U.S.C. Section (s) 2000e et seq., as amended, and 42 U.S.C. section 1981A.

15.   Plaintiff   _X_   still works for defendant(s)
      ___   no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for
      reasonable accommodation?   ___ Yes   ___ No

      If you checked "Yes," please explain:   _n/a_

      _____

      _____

      _____

      _____

17.   If your case goes to trial, it will be heard by a judge unless you elect a jury
      trial.  Do you request a jury trial?   _X_ Yes   ___ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above,
plaintiff prays that the Court grant the following relief (check any that apply):

___   Defendant(s) be directed to _____

      _____

_✓_   Money damages (list amounts) _Compensatory damages_
      _for the amount of 1,200,00 or as judged/dictated by_

_✓_   Costs and fees involved in litigating this case   _jury_

_✓_   Such other relief as my be appropriate
      _to include; punitive, nominal, and exemplary damages_
      _as deemed by jury of peers._

Page 8 of 9

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __17th__ day of __March_____, 20 __15__

__Euila Jacobs__ (signature)
(Signature of plaintiff *pro se*)

__Erika Jacobs__
(Printed name of plaintiff *pro se*)

__P O Box 56003__
(street address)

__Atlanta, GA 30343__
(City, State, and zip code)

__Erika4570 live.com__
(email address)

__404-452-8056__
(telephone number)

Page 9 of 9

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Erika J. Jacobs<br>2329 Briarcliff Road<br>Unit D<br>Atlanta, GA 30329 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 410-2015-01271 | Aisha Broderick,<br>Investigator | (404) 562-6879 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|   | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|   | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Bernice Williams-Kimbrough,**
**District Director**

JAN 2 0 2015

(Date Mailed)

cc: **Cornelius Colao**
**Chief People Officer**
**ALORICA**
**5 Park Plaza**
**Suite 1100**
**Irvine, CA 92614**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2015-01271 |
| | | and EEOC |

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Erika J. Jacobs | (470) 258-3773 | 07-16-1973 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2329 Briarcliff Road, Unit D, Atlanta, GA 30329 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ALORICA BARRETT PARK | 500 or More | (678)322-5001 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2120 Barrett Park Drive NW,  Kennesaw, GA 30144 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-03-2014   Latest: 12-09-2014

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above named employer on October 7, 2013, as a Customer Service Representative. From January 2014 through December 2014, I have been subjected to a hostile work environment by my co-workers and unfair coaching by my supervisors. I have been threatened with corrective action and intentionally left out of incentives. On October 7, 2014, I complained to Earlisha Lewis, Corporate Human Resources Manager. On December 4th and December 5th, I was scolded for my corporate complaint. As of December 09, 2014, no action has been taken regarding my complaint.

I was told that I was being coached for unprofessional conduct and insubordination.

I believe I have been discriminated against because of my race (African-American) and retaliated against for opposing unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>DEC 0 9 2014<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>EEOC-ATDO |
| Dec 09, 2014 _Date_        _Charging Party Signature_ | |

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

1. **Personal Information**

Last Name: Jacobs    First Name: Erika    MI: J

Street or Mailing Address: 2329 Briar Cliff Rd    Apt or Unit #: 0

City: Atlanta    County: Fulton    State: GA    Zip: 30329

Phone Numbers: Home: (470) 258-3773    Work: (678) 322-5001

Cell: (404) 452-8056    Email Address: Erika4570live.com

Date of Birth: 7-16-73    Sex: ☐ Male ☒ Female    Do You Have a Disability? ☐ Yes ☒ No

**Please answer each of the next three questions.**    i. Are you Hispanic or Latino?  ☐ Yes  ☒ No

ii. What is your Race?  Please choose all that apply. ☐ American Indian or Alaskan Native    ☐ Asian    ☐ White

☒ Black or African American  ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? Born in America (African American)

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: N/a    Relationship:

Address:    City:    State:    Zip Code:

Home Phone: (    )    Other Phone: (    )

2. **I believe that I was discriminated against by the following organization(s):**  (Check those that apply)

☒ Employer    ☐ Union    ☐ Employment Agency    ☐ Other (Please Specify)

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: Aloirca

Address: Barrett Parkway    County: Cobb

City: Kennesaw    State: GA    Zip:    Phone: (678) 322-5001

Type of Business: Customer Service    Job Location if different from Org. Address:

Human Resources Director or Owner Name: Susan Boyle / Karen    Phone: (678) 322-5001

**Number of Employees in the Organization at All Locations: Please Check (✓) One**

☐ Fewer Than 15    ☐ 15 - 100    ☐ 101 - 200    ☐ 201 - 500    ☒ More than 500

3. **Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No

Date Hired: 10/7/2013    Job Title At Hire: Customer Service Representative (AOL)

Pay Rate When Hired: 9.00    Last or Current Pay Rate: 9.00

Job Title at Time of Alleged Discrimination: Customer Service (AOL)    Date Quit/Discharged: Currently employed

Name and Title of Immediate Supervisor: Dylisha McDonald, AOL Supervisor

If Job Applicant, Date You Applied for Job    N/a    Job Title Applied For    N/a

1

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☐ Sex  ☐Age  ☐ Disability  ☐ National Origin  ☐ Religion  ☒ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information: circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

Other reason (basis) for discrimination (Explain): The retalitory behavior has been going on since January of 2014 at Alonca.

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.  **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: 12-4-14  Action: My report to Corporate was scolded by Susan Boyle regional HR Director. She stated it had no right to go to Corporate that my concerns could be handled by the pay -karen. I let her know that Karen does not listen to my concerns with the discriminatory treatment at Alonca as I am haunted at Alonca with this psychological chart man HR

Name and Title of Person(s) Responsible: Karen-HR, Susan Boyle-regional Director, Ly'sha Mc Dade

B. Date: 12-5-14  Action: Susan Boyle stated she saw nothing unique about my complaints. my complaints should not have gone to corporate and that Karen will handle my complaints. once meeting was over with Susan Boyle- Karen did speak to no

Name and Title of Person(s) Responsible: Susan Boyle- HR director and Karen-HR

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
I am under special surveillance due to my complaints to corporate. any of my issues I have received untruthful documentation to my employee records due to my complaints to HR and corporate. I have been told basically that my complaints are untrue

**7. What reasons were given to you for the acts you consider discriminatory? By whom?** His or her job title?
The reason given for my discrim, natory acts were basically they were not true, supervisors were Stating I was not receptive to their feedback on were requesting special surveillance of me

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?  Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | | | |
| B. | | | |

2

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _None_

B.

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A.

B.

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell us if you have more than one disability.  Please add additional pages if needed.

9.  Please check all that apply:  ☐ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

10.  What is the disability that you believe is the reason for the adverse action taken against you?  Does this disability prevent or limit you from doing anything?  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

11.  Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☐ Yes  ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

12.  Did you ask your employer for any changes or assistance to do your job because of your disability?
☐ Yes  ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask?  (Provide full name and job title of person)

Describe the changes or assistance that you asked for: _____

How did your employer respond to your request? _____

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

Full Name          Job Title          Address & Phone Number          What do you believe this person will tell us?

A. There are witnesses whom are friends of the persons
doing the offenses (these offences are retaliation o discrimination
B. against my rights as an employee).

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☐ Yes ☒ No Not with Alori or anyone else within the last 180d

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: N/a

16. Have you sought help about this situation from a union, an attorney, or any other source? ☐ Yes ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____                                    12/9/14
Signature                                                  Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

4

- I have other supervisor sit in on my coachings. This is not done to other employees.

- I am left out of incentives that I qualify for intentionally

- My request to OM's are not responded to unless given by a supervisor. exp. Portia Russell

- I was cheated on incentive's received

- The OM Portia Russel never responded to me about my qualification for incentive for September although she promised she would.

- Karen, HR for Kenessaw Branch stated I do not tell Her everything that I am selective of what I tell Her.

- My coachings in dispute are not reviewed

ERIKA JACOBS

PO BOX 56003

ATLANTA, GA 30343

404-452-8056

Attention: Karen,HR

I initially requested with Chimika Watson a Supervisor change prior to the commencement of the schedule change in November of 2014. Ms. Watson stated that she would look into it and it would be done. When I followed up on the supervisor change request I was told by Ms. Watson and Karen that it was denied. This letter is submitted per our conversation on 12-1-14.

Below is a list of improper actions of Dylisha as my Supervisor (this is a summary):

1. On week one Dylisha submitted pips to us about AHT, call work and hold time. We had 7 days (I only had 5 days) to bring down our stats. She did this pip knowing that we were having major system issues with the new systems. We should not be penalized for a system that is slower than the first and ineffective. There is always a system issue with the Web that can result in lost time and higher AHT. We were threatened with corrective action if this values were not reduced.

2. She is unfair with my coachings. She falsely accused me of cutting the customer off  when they speak and not allowing them to ask questions. She falsely accused me of not taking ownership of my phone calls. She threatened me with corrective action if I do not take ownership of my calls.

3. She has a supervisor at every coaching that we have. She does not do that with the other employees.

4. She wanted me to do role plays for better positioning skills. This is a remedial suggestion. I am a professional college graduate. I do not require special help with English.

5. She has falsely accused me of taking extended breaks. I am punctual for my lunch and breaks. I was only late for one break in which I gave her the reason. I was not intentionally late. I came back to my desk 4 minutes before my break was up.

6. I requested a copy of my stats and she refused. She stated they would be posted on the board. I do not know on what days she post the stats. If she sent us an email stating when she posted

**Erika Jacobs**

**PO Box 56003**

**Atlanta, GA 30343**

**470-258-3773**

October 11, 2014

Attention: Earlisha Louis

I promised you a time line for review per our conversation on 10-7-14. The conversation between Earlisha and Erika was in reference to a letter Erika sent to Corporate about Erika's work conditions. The time line is summarized due to time. Although the timeline is summarized, it is specific to events which caused Erika to write a letter to corporate. For the first time line, which is of the events while on Cordero Miles team, each time the word Supervisor is used it is indicative of my current Supervisor Cordero Miles (unless otherwise indicated).

### TIME LINE

### APRIL 28, 2014

First day on Cordero's team.

### June 24, 2014

This is the first Coaching in which my supervisor stated I was unprofessional. To be specific my supervisor stated: I did not understand what the customer wanted, I was talking to fast, and that I was unprofessional. I tried to discuss the call with my supervisor and in my effort to discuss the call the supervisor tried to convict me when I agreed with one aspect of the call. He sought support of other persons (regular employees) during the coaching session in support of his view of my coaching session. I requested for review of the coached phone call by an AD. At that time Sonya was the AD. I also asked about a transfer to the data entry session of Verizon. I was told by my past supervisor, Faye Martin, and Derrick (an AD) that everything must be covered on all calls no matter what they are calling in reference to. I was told by my current supervisor, Cordero Miles that is not correct.

### June 28, 2014

I spoke to Cordero and Sonya (AD) about the coaching done on 6-24-14. We also discussed qualifications for overtime. Sonya did not have a lot to say about the Coaching. She did not agree or disagree with his coaching. She stated she would sit in our next coaching for an evaluation.

**July 2, 2014**

Sonya did not show up for Coaching as she had promised.

**August 26, 2014**

At this Coaching my supervisor stated I was unprofessional, stated: "I accused the customer of lying, I was sarcastic and was over verifying". I was performing my job as trained. My supervisor for the first time at this coaching stated that no password was needed if there was an authorization in the system. It has been stressed time and time again in training, by my former Supervisors, and my current supervisor that the password must be verified by the Account owner and Account Manager at the beginning of the call. At this coaching my supervisor threatened to write me up because he stated:" I was being insubordinate". Thus, if I disagreed with my supervisor about the coached call I was being insubordinate. Alorica 's policy supports communication among employees and supervisor's. Consequently, if I disagree with the supervisor's judgment of the call I am not being insubordinate. I asked if I could go to HR at the end of the coaching (meaning coaching was completed) my supervisor approved. In addition, he stated that going to HR would interfere with my adherence. He had another employee present at my Coaching her name was Kiuristu Cheeks. He did not state why she was present at the Coaching. Cordero and Ms. Cheeks appear to be very good friends. Nevertheless, I went to HR to speak with Karen. Cordero followed me into the HR department. Karen, Cordero, and I had a discussion about the coached call. This discussion was unproductive. Cordero was very argumentative from the moment he entered the office. He should have allowed Karen and me to have a discussion first. Cordero made several false accusations about me while in the HR department: he stated he did not dismiss me from coaching, I could not handle constructive criticism, confronted me with complaints about my hygiene, stated I was out of order in addressing an employee that constantly hits my chair without saying excuse me, he stated Lexy (site director) said I did not wash my hands when I used the bathroom. He stated to Karen that when he asked me about how the call went that I would reply," it went well". Karen asked me was this true? Karen asked me what had I agreed with at a coaching with Cordero (question was directed toward negative coaching's). I stated I agreed with not pulling up the CCD's on one call (this is something that I always do but on this call I did not see the CCD's appear on the screen). Per Karen and Cordero there should always be something to improve on for every call. My job is very simple and practical. There is no reason for anyone not to have a great call on every call if you follow proper protocol given in training. Cordero stated that another supervisor heard me make an adverse comment to an employee that hit me in my chair. That statement is false. I stated to the employee that kept hitting my chair: "Excuse me you hit my chair". The employee became very disgruntle and replied, "It was an accident of course". This employee hits my chair often and never apologizes. Karen asked if my seat was in a bad area and did I need to be moved. I replied: "no, my seat is in an area where there is ample space which would prevent any employee from running into your chair. Cordero stated to Karen that the employee who hit my chair was a big woman. There is enough space in the aisle to accommodate the size of any individual; no one should be hitting your chair. There was a statement made by Karen that I over talk her. I had never over talked her. I felt as if I had to ask permission to speak in the office due to that comment. The discussion in HR would have been more productive if I could have spoken with Karen in private first.

**August 28-September 5**

I experienced retaliation by other employees per my meeting with HR. I had several employees intentionally hitting my chair as I performed my job duties at my desk. In particular, one employee Ms. Cheeks stood behind my chair and tapped on it while I sat there. I looked at her as she tapped on my chair and she acted as if she was doing nothing wrong (The act of employees hitting my chair and not apologizing did not start this week of August 28-September 5, it started earlier on)

### September 9, 16, and 26 of 2014

These are coaching dates that need to be reviewed. In particular, the coaching done on September 16, 2014: The call was from another agent who asked me for instructions for accepting terms and conditions for an AOL. I gave the agent the instructions; if that was all the agent needed they probably would have just transferred the call to me. Evidently, there was some other matter the agent needed to assist the customer with once the terms and conditions had been accepted (the agent mentioned to me that he had been working with the customer on some matter). I was told by Ms. Cheeks that I did not take ownership of the call. Basically, she felt as if I should have assisted the customer with the terms and conditions. Which as an agent I love to do. Given the situation the Verizon representative wanted to assist the customer do to other matters they had to resolve. Taking ownership was not applicable to this situation. She also stated I did not brand the call. In training and throughout my time at Verizon no one ever told us we had to brand the call by stating: Thank-you for being the best Part of Verizon. I was told to thank the customer at the end of the call. If the procedure for ending the call has changed that is fine. I was made aware of branding the call being standard procedure on September 16, 2004. Ms. Cheek's disposition to me is unfavorable. On 9-16-14, I asked for a copy of the criteria for every call. My next example is the coaching on September 26, 2014. Ms. Cheeks stated I did not empathize with the customer until the end of the call. I empathized with the customer from the beginning of the call. For example: When the customer told me the call dropped. I sighed apologetically because of the incident. I then explained to him the most common cause of a dropped call. To conclude, on every coaching there is something wrong. It is as if they are just looking for anything in the call to misconstrue into something that it is not.

### October 7, 2014

For the coaching on October 7, 2014 the supervisor McDonald was present (my supervisor never stated to me why Ms. McDonald was present for the Coaching). My supervisor stated I did not recap the call. I did recap the call. Listen to the tape and you will see that I actually recapped the call.

### October 8, 2014

On this coaching my supervisor stated it was a good call. Yet, stated I needed to keep up with the pace of the customer. I was keeping up with the pace of the customer. Again, it was obvious to me that he was looking for something to scrutinize in the call (it was simply a good call). I understand the purpose of Coaching's. Coaching's are designed to monitor the progress, strengths, weaknesses, and productivity of employees. It is time when the supervisor and employees can converse about job responsibilities. In addition, Coaching is a time when the employees can ask for assistance with a job function, speak about everyday procedures, and talk about needed changes. Once you have been at a

job for a while you should have perfected your performance in it. It should rarely be a case where you are not meeting goals.

## SUMMARY

Due to time, my time line was summarized to events that occurred while Cordero Miles was my supervisor. I am constantly taunted by employees at the facility, for instance: I have employees talking about my education, school transcripts (I have not provided a transcript to the company; I requested at the beginning of employment that no (none) transcripts are to be retrieved from any schools on me., lifestyle and other things that are very inappropriate for conversation and letters. I have had employees through things at me as well.

After the meeting with HR, on Sept. 26, 2014, employees started to come by and ask me about my call work and was there a problem on my call. It appeared to me that I was on surveillance. Since, the schedule change and the re-arrangement of seating other employees have been asked about their calls, but initially I was being targeted. We have a new system that is not effective and is very slow. It is a nice system but it needs a lot of work. The name of the system is Web. I keep all my stats in range; I need to know what they are in-order to keep them in range. I have not seen my stats in about 3 to 4 weeks now.

I have had a supervisor by the name of Faye Martin who constantly sought ways to write me up. I had to bring this situation to Derrick the AD on several occasion. She misconstrued policy and was untruthful about a phone call. Faye Martin's behavior toward me seemed to be fueled by a conversation I had with HR and an incident I reported about employee's throwing things at me. Thus, I made a request to HR for a change of supervisor. Faye and Derrick made it clear to me in a meeting that my discussion with HR upset them. As you can see it is not easy to report matters to HR and have good relations with your supervisor. Per, my experience with Mrs. Martin she was using the coaching's as tool that would result in me being written up and possibly terminated. Thus, coaching's very important. Although, this time line nor problem is in relation to a new position with Alorica; Coaching's influence your chances of acquiring a new position with Alorica. I have applied to other positions at Alorica. For instance, I applied for a Workforce Analysis position in Colorado in Feb. of 2014. Priscilla in HR called from Colorado and made a job offer (I was hired). She instructed me that I had to schedule a time for training. I was later told by Nancy in Colorado that I was not hired and that she would forward my application to the personnel over the Work Analysis position for consideration.

I sought assistance from HR about my coaching sessions with Cordero Miles because Sonya, the AD at that time did not respond to me.

I would like to request a transfer to a new Alorica Facility. The states of interest Arizona and Kansas. If there is another state in greater need for a call center representative I would consider that as well.

Sincerely,

Erika Jacobs