**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIKA JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:15-cv-00850-WSD-RGV |
| | : | |
| ALORICA, | : | |
| | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On March 26, 2015, plaintiff Erika Jacobs ("plaintiff"), proceeding *pro se*, filed a form complaint against defendant Alorica ("defendant"), alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>. ("Title VII"), and a state law claim for defamation. [Docs. 1-1 & 3]. Plaintiff was granted leave to proceed *in forma pauperis*, but due to the conclusory nature of the allegations in her complaint and because she failed to plead facts to state a plausible claim under Title VII or for defamation, on April 2, 2015, this Court ordered plaintiff to file an amended complaint within fourteen (14) days, addressing the deficiencies noted in the Order, and complying with the Federal Rules of Civil Procedure. <u>See</u> [Doc. 2]. Plaintiff filed an amended complaint on April 14, 2015, [Doc. 4]; however, her amended complaint suffers from many of the same deficiencies as her original complaint and still does not comply

with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's amended complaint is therefore before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2), and for the following reasons, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 4], be **DISMISSED**.

"'Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.'" Bacon v. Ga. Ports Auth., No. CV410-281, 2010 WL 5538515, at *1 n.3 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations omitted) (quoting 28 U.S.C. § 1915(e)(2)). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). That is, "[a]n in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are 'clearly baseless' or the legal theories are 'indisputably meritless.'" Austin v. Fla. Dep't of Children & Families, No. 3:09-cv-907-J-25MCR, 2009 WL 3817602, at *1 (M.D. Fla. Nov. 16, 2009), adopted at *1 (quoting Neitzke, 490 U.S. at 327). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). While pro se pleadings are entitled to

liberal construction, "liberal construction cannot serve as a substitute for establishing a cause of action."  Austin, 2009 WL 3817602, at *1 (citation omitted).

Plaintiff's amended complaint, which is a form complaint used when asserting Title VII claims, is nearly identical to her original complaint, except that she has not included the statement of claim and factual allegations that appeared in her original complaint, and instead has attached to her amended complaint a three-page statement that primarily challenges the Court's findings as to her claims in the prior Order directing her to replead her complaint and asserts that the Court "misconstrued" her claims, see [Doc. 4 at 10-12], while still making general and conclusory allegations that she was harassed and discriminated against on the basis of her race and treated differently because of her "allergies," [id. at 10-11].[1] However, as with her original complaint, plaintiff has still failed to "allege any facts indicating that unlawful race discrimination was the reason for [any alleged adverse

---

[1] In fact, plaintiff's amended complaint contains far fewer factual allegations in support of her claims than her original complaint, compare [Doc. 3], with [Doc. 4], and because "'[a]n amended pleading supersedes the former pleading[,] the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against [her] adversary.'"  Oliver v. M/V BARBARY COAST, No. CA 11–0223–KD–C, 2011 WL 3902863, at *1 (S.D. Ala. Aug. 26, 2011), adopted in part by 2011 WL 3902821, at *1 (S.D. Ala. Sept. 6, 2011) (first alteration in original) (citation omitted) (quoting Kaloe Shipping Co. v. Goltens Serv. Co., 315 F. App'x 877, 879 (11th Cir. 2009) (per curiam) (unpublished)).  Moreover, suffering from allergies is not a protected characteristic under Title VII, see 42 U.S.C. § 2000e–2, and plaintiff has not asserted any claim pursuant to the Americans with Disabilities Act.

actions]," or assert any other facts "tending to show that racial animus motivated [defendant]."  Enadeghe v. Ryla Teleservices, Inc., Civil Action File No. 1:08-CV-3551-TWT, 2010 WL 481210, at *7 (N.D. Ga. Feb. 3, 2010), adopted at *1. Rather, plaintiff alleges that she experiences "verbal harassment all the day long about [her] sexuality, incest, education, whoredom, past jobs, childhood, stealing and etc." [Doc. 4 at 10].  However, none of the alleged harassment purports to be based on her race, and she has not alleged any claims of sex discrimination.  See [id. at 6, 14].  Indeed, while plaintiff may have perceived that she was treated poorly because of her race, she has not alleged any facts that plausibly support a claim of race discrimination or demonstrate that a similarly situated non-minority employee was treated more favorably.  See Givens v. Eddie Deen & Co. Catering, Civil Action No. 3:10-CV-1164-L, 2011 WL 624071, at *1 (N.D. Tex. Feb. 18, 2011) (emphasis omitted) ("A simple statement that Plaintiff believes he was fired because he is African-American is insufficient to plead a claim of race discrimination under Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff must set forth specific allegations that would demonstrate that he was treated differently because of his race, that is, he must set forth sufficient allegations that race was the reason he was terminated."); Bacon, 2010 WL 5538515, at *2 (citations omitted) (dismissing Title VII complaint without prejudice where plaintiff alleges "neither direct-evidence facts ('because

you're black') nor circumstantial-evidence facts (comparable white treated better)");

Washington v. Sprint Food Stores, Inc., Civil Action No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010), adopted by 2010 WL 5463133, at *1 (N.D. Ga. Dec. 29, 2010) (dismissing complaint for failure to state a claim under Title VII where plaintiff alleged only that she was a black female who was fired after she refused to conduct a cash back transaction for a white customer).  Thus, plaintiff has failed to state a plausible claim of race discrimination under Title VII, and her complaint in this regard does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure with respect to this claim.  See Hicks v. Bd. of Regents of the Univ. Sys. of Ga., No. 3:11–CV–94 (CDL), 2011 WL 6300542, at *2 (M.D. Ga. Dec. 16, 2011).[2]

---

[2] Furthermore, the allegations are insufficient to state a viable claim of race-based hostile environment.  "Although a plaintiff need not plead a *prima facie* case of hostile work environment in the complaint," McKeithan v. Boarman, 803 F. Supp. 2d 63, 69 (D.D.C. 2011); see also Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted), she must still plead sufficient facts to show that her work environment was "permeated with discriminatory intimidation, ridicule, and insult," that was "sufficiently severe or pervasive" to have altered the terms, conditions, or privileges of her employment, see Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citations and internal marks omitted); Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).  However, as previously noted, plaintiff has not alleged that any racially discriminatory acts even occurred.  See [Doc. 4 at 10 (alleging that she was verbally harassed "about [her] sexuality, incest, education, whoredom, past jobs, childhood, stealing and etc.")].  Indeed, plaintiff has not shown that her allegations of wrongdoing have "any connection to [her] race, or how that conduct contributed to a racially hostile work environment."  Baker v. City of Safe Harbor, Fla., No. 8:07-cv-1120-T-23TGW, 2008 WL 4200147, at *20 n.36 (M.D. Fla. Sept. 12, 2008),

Plaintiff's amended complaint likewise still fails to state a plausible claim of retaliation under Title VII.  Title VII prohibits an employer from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a); see also Smithers v. Wynne, 319 F. App'x 755, 756 (11th Cir. 2008) (per curiam) (unpublished) (citation and internal marks omitted).  Although "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of [retaliation] under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),'" Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *4 (S.D.N.Y. Aug. 19, 2008) (first alteration in original) (citation omitted) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)), vague and conclusory allegations without more are insufficient to support a retaliation claim, see Salazar v. Hostmark, No. CV 112–145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted by 2012 WL 6127981, at *1 (S.D. Ga. Dec. 10, 2012).

To establish a Title VII retaliation claim, plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two

---

adopted at *1 (citation omitted).

events.  Id. (citations omitted).  "Statutorily protected expression refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment."  Id. (citations and internal marks omitted).  Here, plaintiff alleges that at some unspecified time she reported the alleged harassment to the chief Human Resources Manager, and that she sent a "letter to Corporate on 9-9-14 to let them know that [she] was being systematically discriminated against at Alorica."  [Doc. 4 at 10].  Plaintiff has not specifically alleged that her internal complaints involved a protected characteristic under Title VII.  Indeed, the only detail she provides about the "letter to Corporate" is that she complained about "false allegations about [her] sanitation and inappropriate behavior on the job" regarding "not washing [her] hands after using the bathroom."  [Id.].  However, "[t]he Eleventh Circuit has held that 'unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII.'"  Dubose v. SYSCO Corp., No. 1:10–cv–02952–WSD, 2011 WL 1004675, at *2 (N.D. Ga. Mar. 18, 2011) (quoting Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995) (per curiam)).  Thus, it is not apparent from the allegations of her amended complaint that any of her internal complaints were in fact based on a protected characteristic.  See [Doc. 4 at 10].

Even if plaintiff's internal complaints were based on a protected characteristic, the alleged retaliatory conduct in the amended complaint largely pertains to her supervisor making false allegations that she was unsanitary and a health risk to other employees, [id. at 10-11], but none of these actions constitute materially adverse employment actions to support a retaliation claim under Title VII.[3] Moreover, plaintiff fails to offer any factual allegations with regard to her retaliation claim and simply alleges that accusations that she "was a health hazard with a contagious disorder that could [be] detrimental to other employees," by supervisors and human resource management were due to her "complaints" to corporate and HR about the discrimination, harassment (physical and verbal) and retaliation [she was] receiving as an employee[.]"  [Id. at 11-12].  Thus, plaintiff's allegations here do not constitute materially adverse actions to support her retaliation claim.

The only potentially plausible adverse action alleged in the amended complaint is plaintiff's claim that in February, 2014, she was offered a position as a Workforce Management agent at Alorica's Colorado facility, but she was subsequently informed that she had been given wrong information and she was not

---

[3] Plaintiff also complains that no one investigated her complaints and that various employees stopped responding to her complaints, see [Doc. 4 at 10]; however, her allegations that she was ignored after she filed her EEOC complaint of discrimination is "more of a minor slight than a materially adverse action." Davidson-Nadwodny v. Wal-Mart Assocs., Inc., Civil Action No. CCB-07-2595, 2010 WL 1328572, at *8 n.6 (D. Md. Mar. 26, 2010) (citing Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

hired for the position.  [Id. at 11].  However, this event preceded her sending of the letter to Corporate in September of 2014, and she has not alleged that this event followed any protected activity.  Rather, she alleges that the job offer was withdrawn after one of her supervisors allegedly placed false information about her job performance in her record "for viewing by all human resources departments of Alorica."  [Id.].  Thus, plaintiff's allegations regarding the withdrawal of the job offer do not plausibly support her retaliation claim as she "does not allege that [s]he engaged in any of the sort of statutorily protected expression contemplated by Title VII" that are connected with this action.  Salazar, 2012 WL 6128435, at *3 (citation omitted).

Finally, plaintiff still asserts a defamation claim based on "false allegations about [her] sanitation and inappropriate behavior on the job," [Doc. 4 at 10]; see also [id. at 11 (asserting that her supervisors "have all printed and written false allegations about [her] character and job skills and posted it on [defendant's] Internet system")]; however, since plaintiff has failed to allege any viable federal claims, if the recommendation to dismiss all the federal claims is adopted, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over her remaining state law defamation claim, and dismiss that claim without prejudice.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999).

For the reasons stated herein and in this Court's previous Order, plaintiff's amended complaint still fails to state a claim under Title VII. <u>See generally</u> [Docs. 2 & 4]. Accordingly, it is hereby **RECOMMENDED** that plaintiff's federal claims asserted in her amended complaint be **DISMISSED** for failure to comply with the Court's previous Order and for failure to state a plausible claim, <u>see Enadeghe</u>, 2010 WL 481210, at *10 (citations omitted) (dismissing plaintiff's Title VII discrimination and retaliation claims where "[s]imilar to the Plaintiff's previously filed Complaint, the Amended Complaint contains only conclusory allegations of an alleged wrong"), and that the Court decline to exercise supplemental jurisdiction over plaintiff's remaining state law claim for defamation.

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 22nd day of April, 2015.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

10