IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA JACOBS,

              Plaintiff,

    v.                                      1:15-cv-850-WSD

ALORICA,

              Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [5]. The R&R recommends dismissal of Plaintiff Erika Jacobs's ("Plaintiff") Amended Complaint [4] pursuant to the Magistrate Judge's frivolity determination under 28 U.S.C. § 1915(e)(2). Also before the Court are Plaintiff's Objections to the R&R [7].

## I.    BACKGROUND

On March 26, 2015, Plaintiff, *pro se*, filed a form complaint against Defendant Alorica ("Defendant"), alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and a state law claim for defamation. ([1.1], [3]). The Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis*.

Because the allegations in her complaint were conclusory, and because she failed to plead facts to state a plausible claim under Title VII or for defamation, on April 2, 2015, the Magistrate Judge ordered Plaintiff to file, within fourteen (14) days, an amended complaint addressing the deficiencies noted in the Order, and complying with the Federal Rules of Civil Procedure.  ([2] (the "April 2nd Order")).

On April 14, 2015, Plaintiff filed her Amended Complaint [4].  The Amended Complaint is a form complaint used for Title VII claims.  The Amended Complaint is nearly identical to Plaintiff's original complaint, except that it fails to include the statement of claim and factual allegations that appear in the original complaint, and instead includes a three-page statement that challenges the Magistrate Judge's findings in her April 2nd Order.  Plaintiff argues that the Magistrate Judge "misconstrued" her claims, (Am. Compl. at 10-12), and again presents conclusory allegations that she was harassed and discriminated against on the basis of her race and treated differently because of her "allergies," (id. at 10-11).

On April 22, 2015, the Magistrate Judge issued her R&R.  In it, she found that Plaintiff's race-based claims fail, because her Amended Complaint, like her original complaint, fails to allege any facts indicating that unlawful race

2

discrimination was the reason for any alleged adverse actions, or assert any other facts tending to show that racial animus motivated Defendant. (R&R at 3-4). The Magistrate Judge found that Plaintiff's Title VII retaliation claim fails because her Amended Complaint does not allege that any of Plaintiff's internal complaints were based on a protected characteristic. (Id. at 7). The Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law defamation claim, and that the Court dismiss that claim without prejudice. (Id. at 9).

On June 5, 2015, Plaintiff filed her Objections. Plaintiff states that she did not receive the R&R until May 29, 2015. (Obj. at 1). Plaintiff argues that she "gave factual allegations to support her Title VII claim for Harassment, Racism, Defamation and Retaliation," and argues that the Magistrate Judge "did not liberally construe the Plaintiff's allegations." (Id.). Plaintiff claims that "white HR managers discriminated against her" by "refusing to grant [her] the right to a hearing per company policy which is a right of all employees," and "refusing to grant her request for a new supervisor in spite of the supervisor's unlawful actions against [her.]" (Id. at 1-2). She argues that she stated "she is treated inappropriately due to her having allergies," and compares this to a case in California in which a plaintiff was isolated and treated "indifferently [sic] due to

his" having AIDS.  (Id. at 2).  Plaintiff argues that "[t]he court deemed harassment per Title VII as sexual only.  Per Title VII any verbal or physical harassment is also sufficient cause for a Title VII claim.  The Plaintiff stated that she experienced physical harassment while in her chair on several occasions."  (Id.).

Plaintiff next argues that the Magistrate Judge erred in "trying to link the Plaintiff's allegations of racism and harassment as one entity.  I am experiencing both racism and harassment at the job."  (Id.).  Finally, she argues that the Magistrate Judge erred in her "interpretation of Retaliation.  The Plaintiff was retaliated against as a result of submitting a claim to the EEOC.  That is a Title VII violation.  The retaliation included defamation of Plaintiff [sic] record and unwarranted write ups by supervisor."  (Id.).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

4

§ 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Though Plaintiff's Objections were untimely, the Court, in its discretion, performs its *de novo* review.

    B.    Analysis

    Because Plaintiff proceeds *in forma pauperis*, the Court is required to conduct a frivolity review under 28 U.S.C. § 1915(e)(2).  A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se*

6

complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

The Court considers each of Plaintiff's claims in turn.

1.   Title VII Discrimination Claims

Plaintiff appears to allege a disparate treatment claim of race discrimination under Title VII.  (Am. Compl. at 6, 14).  "Disparate treatment can constitute illegal discrimination when 'an employer has treated a particular person less favorably than others because of a protected trait.'" Uppal v. Hosp. Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2012) (quoting Ricci v. DeStefano, 557 U.S. 557, 577 (2009)).  "Although a plaintiff need not satisfy the McDonnell Douglas [v. Green, 411 U.S. 792 (1973)] framework at the pleading stage in order to state a claim of disparate treatment, the 'ordinary rules for assessing the sufficiency of a complaint [still] apply.'" Id. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)).  "'Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination.'" Bowers v. Bd. of Regents of the Univ. Sys. of Ga., 509 F. App'x 906, 910 (11th Cir. 2013) (internal

7

quotations omitted) (quoting Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d

955, 974 (11th Cir. 2008)).  "The analysis of a disparate treatment claim is the

same whether that claim is brought under Title VII, § 1981, or § 1983."  Hopkins

v. St. Lucie Cnty. Sch. Bd., 399 F. App'x 563, 565 (11th Cir. 2010).

Plaintiff alleges that "[a]ll white authority to which Plaintiff has rendered her

complaint[s of race discrimination] have basically called her a liar by stating her

accusations are not true with no investigation of the matter . . . ."  (Am. Compl. at

12).  Plaintiff alleges that she experiences "verbal harassment all the day long

about [her] sexuality, incest, education, whoredom, past jobs, childhood, stealing

and etc."  (Id. at 10).  She claims that she experiences "consistent harassment at the

workplace" due to her "allergies."  (Id.).  She states she is "an African American

female being denied company rights guaranteed to all employees that request it."

(Id.).  She claims her supervisors made false allegations that she "was not washing

[her] hands after using the bathroom," and that those allegations caused her to be

"denied employment" for "positions in other states."  (Id.).

The Magistrate Judge determined that "none of the alleged harassment

purports to be based on [Plaintiff's] race," and concluded that Plaintiff failed to

state a plausible claim of race discrimination under Title VII.  (R&R at 4).

Plaintiff objects, arguing that "white HR managers discriminated against her" by

8

"refusing to grant [her] the right to a hearing per company policy which is a right of all employees," and "refusing to grant her request for a new supervisor in spite of the supervisor's unlawful actions against [her.]"  (Obj. at 1-2).

Plaintiff's allegations, however, do not support  that she was discriminated against on the basis of her race.  The fact that her supervisors are white, standing alone, is insufficient to support her claim.  Likewise, her conclusory assertion that she is "an African American female being denied company rights guaranteed to all employees that request it," (Am. Compl. at 10), is, on its own, insufficient to support a claim of discrimination.  See, e.g., Taunton v. BLG Logistics, Inc., No. 14-cv-1672-KOB, 2015 WL 2402971, at *2 (N.D. Ala. May 20, 2015) ("[G]eneral, conclusory allegations of race discrimination without specific facts to give the court and Defendant notice regarding upon what that claim is based . . . do not meet the standards of pleading that the Supreme Court set forth in Iqbal and Twombly."); Hale v. Mingledorff, No. 2:13-CV-0228-RWS, 2014 WL 7012772, at *13 (N.D. Ga. Dec. 11, 2014) ("Plaintiff's conclusory allegations are insufficient to state a claim of race discrimination.").[1]  Plaintiff does not offer any additional

---

[1]    The Magistrate Judge also found that Plaintiff's allegations are insufficient to state a viable claim of race-based hostile environment.  (R&R at 5 n.2).  "Although a plaintiff need not plead a *prima facie* case of hostile work environment in the complaint," McKeithan v. Boarman, 803 F. Supp. 2d 63, 69 (D.D.C. 2011); see also Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x

allegations to support her claim of race discrimination.  Plaintiff's objections are

overruled, and her Title VII race discrimination claim is dismissed.[2]

2.    Title VII Retaliation Claim

Plaintiff alleges that her employer retaliated against her after she complained

about her discrimination.  To discriminate against an employee "because of [the

employee's] race, color, religion, sex, or national origin" is an "unlawful

employment practice" under Title VII. 42 U.S.C. § 2000e-2(a).  Title VII generally

prohibits retaliation against an employee for opposing "unlawful employment

practices" or participating in the investigation of "unlawful employment practices."

See id.; 42 U.S.C. § 2000e-3(a); McCann v. Tillman, 526 F.3d 1370, 1375 (11th

935, 937 (11th Cir. 2011), she must still plead sufficient facts to show that her
work environment was "permeated with discriminatory intimidation, ridicule, and
insult," that was "sufficiently severe or pervasive" to have altered the terms,
conditions, or privileges of her employment, see Harris v. Forklift Sys., Inc., 510
U.S. 17, 21 (1993); Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th
Cir. 2002).  Plaintiff argues that the Magistrate Judge erred in "trying to link the
Plaintiff's allegations of racism and harassment as one entity.  I am experiencing
both racism and harassment at the job."  (Obj. at 2).  The Magistrate Judge
addressed Plaintiff's harassment claim, and denied it.  The Court agrees with the
Magistrate Judge's determination, because Plaintiff failed to allege any facts to
show she suffered any harassment or discrimination on the basis of her race.
Plaintiff's objections are overruled.

[2]    Plaintiff's objection that "[t]he court deemed harassment per Title VII as
sexual only," (Obj. at 2), is nonsensical.  The Magistrate Judge addressed
Plaintiff's Title VII race discrimination claim, and Plaintiff did not allege sex
discrimination under Title VII.  Plaintiff's objection is overruled.

Cir.2008).  To state a claim under Title VII based on retaliation, the plaintiff must allege facts sufficient to show that she suffered a materially adverse employment action because she complained about an "unlawful employment practice."  See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).

Plaintiff states she sent "a letter to Corporate" in which she complained about "false allegations about [her] sanitation and inappropriate behavior on the job" regarding "not washing [her] hands after using the bathroom."  (Am. Compl. at 10).  She alleges that she reported "consistent harassment at the workplace" to chief Human Resources Manager, Karen Cook," and Ms. Cook "did nothing and denied that anything was happening" because Ms. Cook, a "white female, only listens to supervisors and other employees['] complaints about me."  (Id. at 10). She states that she received a new supervisor, Dylisha McDonald, "and the retaliation due to [her] letter to corporate began immediately."  Plaintiff claims the retaliation consisted of Ms. McDonald and Ms. Cook stating that Plaintiff was a "health hazard" and accused her of "vomiting and gagging while at my desk."  (Id. at 11).  She states she was "treated differently because [she] has allergies."  (Id.). She claims that these accusations "are due to [her] complaints to corporate and HR about the discrimination, harassment (physical and verbal) and retaliation . . . ." (Id. at 11-12).

The Magistrate Judge found that Plaintiff failed to state a plausible claim of retaliation under Title VII, because Plaintiff did not allege that her internal complaints involved a protected characteristic under Title VII. Plaintiff's allegation that she complained she was "treated differently because [she] has allergies," (Am. Compl. at 11), is insufficient to support a Title VII retaliation claim because having allergies is not a protected characteristic under Title VII. See Coutu v. Martin Cty. Bd. of Cty. Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII." (emphasis in original)).

Plaintiff argues that the Magistrate Judge erred in her "interpretation of Retaliation. The Plaintiff was retaliated against as a result of submitting a claim to the EEOC. That is a Title VII violation. The retaliation included defamation of Plaintiff [sic] record and unwarranted write ups by supervisor." (Obj. at 2). Contrary to Plaintiff's assertion in her Objections, her Amended Complaint does not contain any allegations that her employer, because of her EEOC complaint, retaliated against her by defaming her and writing her up. In fact, the Amended Complaint does not contain any allegations regarding Plaintiff's employer's reaction to the EEOC complaint at all. Plaintiff filed her EEOC Complaint in

12

December 2014, (Am. Compl. at 14), and her Amended Complaint does not contain any allegations that her employer took any specific "retaliatory" actions after December 2014.  Plaintiff's generalized allegations that no one investigated her complaints and that various employees stopped responding to her complaints, (see Am. Compl. at 10),  are "more of a minor slight than a materially adverse action."  Davidson-Nadwodny v. Wal-Mart Assocs., Inc., Civil Action No. CCB-07-2595, 2010 WL 1328572, at *8 n.6 (D. Md. Mar. 26, 2010) (citing Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).  Plaintiff's objections are overruled, and her Title VII retaliation claim is dismissed.

3.   Defamation Claim

Plaintiff asserts a defamation claim based on "false allegations about [her] sanitation and inappropriate behavior on the job."  (Am. Compl. at 10, 11). Because Plaintiff failed to allege any viable federal claims, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law defamation claim, and that the Court dismiss that claim without prejudice.  (Id. at 9).  The Court agrees.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999).  Plaintiff's defamation claim is dismissed without prejudice.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the R&R [7] are

**OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Russell G. Vineyard's

Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII and Title VII

retaliation claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) .  Plaintiff's

state law defamation claim is **DISMISSED WITHOUT PREJUDICE**.


**SO ORDERED** this 31st day of March, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

14