IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA JACOBS,

          **Plaintiff,**

v.

ALORICA,

          **Defendant.**

1:15-cv-850-WSD

**OPINION AND ORDER**

This matter is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit.

**I.     BACKGROUND**

On March 26, 2015, Plaintiff, *pro se*, filed a form complaint alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and a state law claim for defamation.  ([1.1], [3]).

On March 31, 2016, the Court issued its order [8] dismissing, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Title VII and Title VII retaliation claims.  The Court dismissed without prejudice Plaintiff's state law defamation claim.

On May 18, 2016, the Clerk of Court received a letter from Plaintiff containing her Notice of Appeal. The envelope containing the letter was docketed as docket entry 12. The Notice of Appeal itself was not docketed until the following day, May 19, 2016. It was docketed as docket entry 12.2.

On May 19, 2016, the Clerk transmitted to the Eleventh Circuit a certified copy of docket number 12. The Clerk neglected to send the Notice of Appeal, docket entry 12.2. The Notice of Appeal states that Plaintiff received the Court's March 31, 2016, order on May 5, 2016, and that her "notice of appeal was delivered via usps [sic] on May 16, 2016, timely." ([12.2] at 1).

On September 21, 2016, the Eleventh Circuit Court of Appeals remanded Plaintiff's appeal to this Court. ([18]). The Eleventh Circuit directed as follows:

> When Doc. 12 (the purported notice of appeal, now consisting of a bare envelope) was received on May 18, 2016, did anything else accompany it?
>
> a. If not, please enter a finding and order as to that effect and return the case, as supplemented, to this Court for further proceedings.
>
> b. If so, please determine whether Appellant is entitled to relief under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Appellant's *pro se* notice of appeal, filed May 18, 2016, is untimely to appeal from the district court's April 1, 2016[1] judgment dismissing

---

[1] The Court's Order and the Clerk's judgment dismissing Plaintiff's action were filed on March 31, 2016. ([8], [10]).

2

> her case.  *See* Fed. R. App. P. 4(a)(1)(A).  Nevertheless, in her response to this Court, Appellant stated that she did not receive the order until May 5, 2016.  Because this statement can be fairly construed as an allegation that she did not receive notice of the judgment within 21 days of its entry, and that she filed her appeal within 14 days of the date she allegedly received the judgment, she may be entitled to relief under Fed. R. App. P. 4(a)(6).  *See* Fed. R. App. P. (4)(A)(6) . . . .  The district court should thus determine whether Appellant merits relief under Rule 4(a)(6). . . .  Upon making this determination, please return the case, as supplemented including the documents accompanying the bare envelope, to this Court for further proceedings.

([18] at 1-2).

Having discovered that the envelope contained Plaintiff's Notice of Appeal, the Court determines whether Plaintiff is entitled to relief under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

## II.  DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides:

*Reopening the Time to File an Appeal.*  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A)   the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)   the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice

under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)     the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

A Court is not required to reopen an appeal even if a party meets the elements required under Rule 4(a)(6).  See Fed. R. App. P. 4(a)(6); see also In re WorldCom, Inc., 708 F.3d 327, 335 (2d Cir. 2013) (finding that Rule 4(a)(6) "does not require the district court to grant the relief, even if the requirements are met." (internal quotation marks omitted)).  Where the moving party is to blame for her failure to receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny reopening the time to file an appeal.  See WorldCom, 708 F.3d at 336-38.

Plaintiff is a frequent filer of frivolous lawsuits.  See, e.g., Jacobs v. Clayton Cty. Solicitor Gen. Office, No. 1:15-cv-4308-WSD (N.D. Ga. 2015); Jacobs v. Atlanta Police Dep't, et al., No. 1:15-cv-3520-WSD (N.D. Ga. 2015); Jacobs v. Donnelly Commc'ns, et al., No. 1:13-cv-980-WSD (N.D. Ga. 2013).  In Jacobs v. Clayton Cty. Solicitor Gen. Office, Plaintiff alleged she failed to receive an order of the Court because she changed her address.  She claimed that, "[o]n Monday, March 28, 2016 Plaintiff had obtained her new mailing address.  She

immediately issued the new mailing address to the post office." No. 1:15-cv-4308 (Docket No. 12 at 1).

Local Rule 41.2(B) states that "failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitutes grounds . . . for dismissal of the action without prejudice." LR 41.2(B), NDGa.[2] In this action, the Court issued the order that Plaintiff seeks to appeal on March 31, 2016—three days after Plaintiff claims she "had obtained her new mailing address." On April 5, 2016, the Clerk entered its certificate of mailing the order. On April 13, 2016—more than two weeks after Plaintiff claims she had a new address—the Court received Plaintiff's change of address notice. ([11]). On May 27, 2016, the mail containing the Court's order was returned as undeliverable. It is clear that Plaintiff's failure to receive the notice until, as she claims, May 5, 2016, is due to her failure to keep the Clerk apprised of her change of address.

Because Plaintiff is to blame for her failure to receive the Court's March 31, 2016, order, it is within the court's discretion to deny reopening the time

---

[2] Local Rule 41.2(B) was a basis for the Court's dismissal of Plaintiff's Civil Action No. 1:15-cv-4308.

to file an appeal. See WorldCom, 708 F.3d at 336-38. "Even when afforded special solicitude as a *pro se* litigant, [Plaintiff] presents no convincing justification for h[er] failure to properly notify the District Court of h[er] . . . address changes . . . ." Zavalidroga v. Cuomo, 588 F. App'x 61, 62 (2d Cir. 2014). The Court, in its discretion, finds Plaintiff is not entitled to relief under Rule 4(a)(6).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff is not entitled to relief under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. In accordance with the Eleventh Circuit's September 21, 2016, Order [18], the Clerk of Court is **DIRECTED** to return the case, including the Notice of Appeal [12.2], to the Eleventh Circuit for further proceedings.

**SO ORDERED** this 23rd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE